**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 14 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

RAMONA RUIZ,

      Defendant-Appellant.

No. 99-2222
(D.C. No. CR-96-695-1-LH)
(New Mexico)

# ORDER AND JUDGMENT*

Before **SEYMOUR**, Chief Judge, **EBEL**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Ramona Ruiz was convicted of conspiracy to possess with intent to distribute, importation of, and possession with intent to distribute 100 kilograms and more of marijuana. She was sentenced to sixty-three months incarceration. Appellate counsel for Ms. Ruiz filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and has moved for leave to withdraw as counsel. We grant leave to withdraw and dismiss the appeal.

*Anders* holds that if counsel finds a case to be wholly frivolous after conscientious examination, he may so advise the court and request permission to withdraw. Counsel must also submit to both the court and his client a brief referring to anything in the record arguably supportive of the appeal. The client may then raise any points she chooses, and the court thereafter undertakes a complete examination of all proceedings and decides whether the appeal is in fact frivolous. If it so finds, it may grant counsel's request to withdraw and dismiss the appeal. *See id.* at 744.

Ms. Ruiz was convicted after a jury trial at which the government presented evidence that she had been stopped at a border checkpoint between Mexico and New Mexico driving a pickup truck with a camper shell in which a large amount of marijuana was concealed in a hidden compartment. Upon questioning at the checkpoint, Ms. Ruiz said she had driven to Mexico from her home in Deming, New Mexico, on a short shopping trip and that when her car had broken down in

Palomas, Mexico, a man had offered her money to drive a truck containing fifteen pounds of marijuana back across the border. She stated that she needed to return home to her children and that she needed the money, so she accepted the offer. The government, however, also presented evidence from a co-defendant who testified that he had been approached by Ms. Ruiz and her mother in Deming, and that they had offered to pay him to drive a truck across the border from Palomas. He testified that he drove Ms. Ruiz and her mother to Palomas, where he and Ms. Ruiz each selected one of two trucks with camper shells to drive across the border. The co-defendant was stopped at the border an hour after Ms. Ruiz attempted to cross. Marijuana was discovered in a hidden compartment of the truck he was driving, similar to the compartment in the truck Ms. Ruiz was driving.

On the morning of the day trial was to begin, trial counsel for Ms. Ruiz moved for a continuance on the grounds that it was necessary to obtain three witnesses from Mexico whose testimony would support his client's version of the facts and refute the co-defendant's proposed testimony. Counsel represented to the court that testimony from a pharmacist who had waited on Ms. Ruiz, a waitress at the restaurant where she had eaten lunch, and an old friend with whom she had eaten, would support her testimony that she had gone to Palomas by herself to shop. Counsel also informed the court that the friend had apparently

left Palomas for the interior of Mexico to get treatment for her sick child. The court expressed doubt as to the probative value of these witnesses and requested assurances that the witnesses would appear to testify. The government expressed concern as to whether the friend would travel from Mexico, observed that there were other ways to show Ms. Ruiz had purchased items from the pharmacy, and noted that the government's witnesses were there and ready to proceed. The court denied the continuance, stating that the proposed testimony did not appear to present a real defense and expressing doubt about the likelihood that the friend would ever be located or present herself for testimony.

In his *Anders* brief, counsel raises two possible points, the trial court's failure to grant a continuance and the court's admission of testimony from the co-defendant that he had previously driven loads of marijuana across the border from Mexico for one of Ms. Ruiz' sisters. Pursuant to *Anders*, Ms. Ruiz was provided a copy of counsel's *Anders* brief and notified of her right to file a pro se brief. She has chosen not to respond. *Anders* holds that if we find the appeal frivolous, we should grant counsel's request to withdraw and proceed to a decision on the merits.

We will reverse a denial of a motion for continuance only if the decision was "arbitrary or unreasonable and materially prejudiced the defendant." *United States v. McKneely*, 69 F.3d 1067, 1076-77 (10th Cir. 1995). Factors relevant to

-4-

this determination include:

> [1] the diligence of the party requesting the continuance; [2] the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; [3] the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [4] the need asserted for the continuance and the harm that appellant might suffer as a result of the district court's denial of the continuance.

*United States v. Wynne*, 993 F.2d 760, 767 (10th Cir. 1993) (citations omitted). If a continuance is sought because a witness is unavailable, the movant must show that the witness would appear and be willing to testify, and would provide substantial favorable evidence. *United States v. Rodriguez*, 15 F.3d 408, 411 (5th Cir. 1994).

No such showing has been made here. Trial counsel was not diligent in obtaining the witnesses or in seeking a continuance, and did not provide adequate assurances that the witnesses could be located and would be willing to come to court and testify. The inconvenience to the court and the government is manifest. Moreover, upon review of the record and the substance of the proffered testimony, we conclude that lack of these witnesses did not materially prejudice the defense. Accordingly the trial court did not abuse its discretion in denying the motion for continuance.

The admission of evidence over an objection that its probative value is outweighed by its prejudice is also reviewed for an abuse of discretion. *United*

*States v. Wacker*, 72 F.3d 1453, 1469 (10th Cir. 1995). The evidence at issue, the co-defendant's testimony that Ms. Ruiz knew he had previously driven marijuana across the border for her sister, was offered by the government to explain why he was approached by Ms. Ruiz to drive the load. Defense counsel had opened the door to this testimony by asking the co-defendant whether he had driven loads before. The evidence was probative of Ms. Ruiz' involvement in the illegal activity and nothing in the record shows that Ms. Ruiz was unduly prejudiced by its admission. The trial court did not abuse its discretion in admitting this testimony.

We **GRANT** counsel's request to withdraw and we **DISMISS** the appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge